UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| JAVIER REYES-GARCIA, | ) | |
|---|---|---|
| | ) | CIVIL NO.: 07-143-S-EJL |
| Petitioner, | ) | |
| | ) | **MEMORANDUM ORDER** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the Court in the above-entitled matter is Petitioner Javier Reyes Garcia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1, in civil case 07-143-S-EJL). The Government filed a response to the motion on April 11, 2007. Pursuant to the Court's briefing schedule order, Petitioner had fourteen days from his receipt of the response to file a reply. No reply has been received by the Court as of May 14, 2007.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably

**MEMORANDUM ORDER**
1

incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

## Background

Petitioner entered a plea of guilty to illegal re-entry into the United States. Petitioner was sentenced by this Court to 76 months imprisonment followed by 3 years of supervised release, $100 special assessment and 120 hours of community service in lieu of a fine. Petitioner was also sentenced to 12 months imprisonment to run consecutively in criminal case no. 06-155-S-EJL on his supervised release violation due to his federal felony in criminal case 06-106-S-EJL. The total term of imprisonment was 88 months.

Petitioner filed a notice of appeal. Petitioner then voluntarily dismissed his appeal. This Court received the Ninth Circuit's order dated November 6, 2006

**MEMORANDUM ORDER**

dismissing the appeal on November 8, 2006. The current § 2255 motion was filed on March 22, 2007. Therefore, the motion is timely filed within the one year statute of limitations.

Petitioner claims his received too much time for illegal re-entry into the United States. The Government has moved in its answer to dismiss the § 2255 motion as Petitioner's motion does not assert a constitutional or jurisdictional error that is cognizable on collateral review.

**Analysis**

The Petitioner seeks a reduction in his sentence that he thinks is too long for the crime he pled guilty to committing and committed after he had previously been convicted of illegal reentry in another federal case in this District. The government is correct that this is not a proper claim for collateral review. The claim raised in this § 2255 motion is not a constitutional error or a jurisdictional error subject to collateral review. The Supreme Court has held that § 2255 applies to non-jurisdictional claims based on a federal statute or rule only if the claims alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). Petitioner has alleged neither of these situations. Further, Courts have applied this standard to hold that non-constitutional violations of federal law are not cognizable on collateral review. See United States v. Timmereck, 441 U.S. 780 (1979). Petitioner's claim he received too long of a sentence is a non-

constitutional violation (since Petitioner cannot establish that his 88 month period of imprisonment is "cruel and unusual punishment" under the Constitution for the crimes he committed when compared to the statutory maximum sentence of 20 years imprisonment). Therefore, Petitioner's claim is not cognizable on collateral review.

Additionally, the Petitioner's right to raise a claim regarding his sentence was waived when he voluntarily dismissed his direct appeal. Non-constitutional sentencing errors that were not raised on direct appeal are waived and cannot be reviewed by way of a § 2255 motion. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995). For both these reasons the Petitioner's § 2255 motion must be denied.

However, in the interest of justice, this Court has reviewed the record in this matter (including the presentence investigation report) and finds the two consecutive sentences were appropriate based on the all of sentencing factors of 18 U.S.C. § 3553 including the recommended Sentencing Guidelines. Moreover, this Court is without jurisdiction to modify Petitioner's sentence under other statutory authority that allows modification. Rule 35(a) of the Fed. R. Crim. P. provides for resentencing to correct clear error within seven days after sentencing or upon a motion by the government to reduce a sentence due to substantial assistance. Rule 36 provides for correction for clerical errors. Neither rule applies to this Petitioner's claim that he received too long of a sentence. Title 18 United States Code § 3582 also sets forth exceptions that allow a court to modify a term of imprisonment. None of the conditions set forth in

**MEMORANDUM ORDER**

§ 3582 apply to this particular Petitioner. Accordingly, this Court is without inclination or authority to modify Petitioner's sentence.

## Order

Being fully advised in the premises, the Court hereby orders that Petitioner Reyes-Garcia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1, in civil case 07-143-S-EJL) is DENIED and the civil case is DISMISSED IN ITS ENTIRETY.

DATED: **May 16, 2007**

*[signature]*
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER**
5